# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Coway USA, Inc., a California corporation,<br>4221 Wilshire Boulevard,<br>Los Angeles, CA 90010<br><br>   Plaintiff,<br><br> vs.<br><br>THE NATIONAL LABOR RELATIONS<br>BOARD, a federal administrative agency<br>1015 Half Street, SE<br>Washington, DC 20570-0001<br><br>  Defendant,<br><br>WILLIAM COWEN, in his official capacity as<br>the General Counsel of the National Labor<br>Relations Board,<br>1015 Half Street, SE<br>Washington, DC 20570-0001<br><br>  Defendant,<br><br>DAVID M. PROUTY, in his official capacity<br>as Board Member of the National Labor<br>Relations Board<br>1015 Half Street, SE<br>Washington, DC 20570-0001<br><br>  Defendant,<br>  and<br><br>JOHN DOE, in their official capacity as an<br>Administrative Law Judge of the National<br>Labor Relations Board<br>1015 Half Street, SE<br>Washington, DC 20570-0001<br><br>  Defendants. | Civil Action No. 1:25-cv-3853 |

_____

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Coway USA, Inc. ("Coway ") brings this action against Defendants National Labor Relations Board ("NLRB"), NLRB General Counsel William Cowen ("Cowen"), NLRB Member David Prouty ("Prouty"), and unassigned Administrative Law Judge John Doe ("Doe") (collectively "Defendants") for declaratory and injunctive relief and states as follows:

## INTRODUCTION

1. Coway USA, Inc. brings this suit for declaratory and injunctive relief against Defendants because Defendants are pursuing an unconstitutional administrative proceeding against it with the NLRB. *See* NLRB Case No. 31-CA-300833. Coway will be able to demonstrate it is entitled to injunctive and declaratory relief because of these unconstitutional proceedings lacking due process.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331. Coway's claims arise under the Constitution of the United States. It alleges that certain aspects of the NLRB's structure violate the Constitution. *See Axon Enter., Inc. v. FTC*, 598 U.S. 175, 185 (2023) (holding statutory review schemes do not displace district court's federal question jurisdiction to adjudicate corporation's constitutional challenge to administrative agency).

3. This Court has authority to grant declaratory and injunctive relief under the Administrative Procedure Act, 5 U.S.C. §§ 701-706, the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and under the Court's inherent equitable powers.

4. Venue is proper in this Court under 28 U.S.C. § 1391(e)(1)(B) because Defendants are officers of an agency of the United States.

## PARTIES

5. Coway offers consumer products including air and water filtration systems from locations in several states including California.

6. The Charging Parties in the underlying and ongoing administrative proceeding are the California Restaurant and Retail Workers Union ("CRRWU"), a labor organization that does not represent any employees working for Coway.

7. Defendant NLRB is an administrative agency of the United States, headquartered in Washington, D.C. The NLRB enforces the National Labor Relations Act ("NLRA"). Under the NLRA, the NLRB is "empowered…to prevent any person from engaging in any unfair labor practice." *See* 29 U.S.C. § 160.

8. Defendant Cowen is the putative Acting General Counsel of the NLRB. He is sued in his official capacity. President Trump appointed Cowen Acting General Counsel on February 1, 2025.

9. Defendant Prouty is a Member of the NLRB. He is sued in his official capacity.

10. Defendant Doe is an Administrative Law Judge ("ALJ") of the NLRB assigned to preside over the NLRB proceeding against Coway . An ALJ has not yet been assigned to Coway 's NLRB proceeding and the ALJ's identity is unknown. Doe is sued in their official capacity.

## FACTS

11. On August 2, 2022, the CRRWU filed an unfair labor practice charge with the NLRB.

12. On July 29, 2025, Region 31 issued an administrative complaint ("Complaint") against Coway alleging it violated Section 8(a)(1) of the NLRA by

interfering, restraining, and coercing employees in the exercise of their Section 7 rights. *See* Complaint, pp. 2-3.

13. On August 25, 2025, Coway answered the Complaint.

14. Region 31 set a Hearing to take place "on December 9, 2025 at 9 a.m., and on consecutive days thereafter until concluded, a hearing a will be conducted by Zoom videoconference before an administrative law judge of the National Labor Relations Board." Complaint, page 5, "Notice of Hearing."

### COUNT I – THE ACTING GENERAL COUNSEL'S ACTIONS VIOLATE THE NATIONAL LABOR RELATIONS ACT AND THE FEDERAL VACANCIES REFORM ACT AND ARE VOID

15. Coway restates and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

16. Section 3(d) of the NLRA provides that "[t]here shall be a General Counsel of the Board who shall be appointed by the President…for a term of four years." 29 U.S.C. § 153(d). In the event of a vacancy in the General Counsel's office, "the President is authorized to designate the officer or employee who shall act as General Counsel during such vacancy." *Id.* However, "no such person…so designated shall so act [] for more than forty days when the Congress is in session unless a nomination to fill such vacancy shall have been submitted to the Senate," or after the adjournment of the Senate *sine die*. *Id.*

17. President Trump appointed Cowen Acting General Counsel on or about February 3, 2025. (https://www.nlrb.gov/about-nlrb/who-we-are/general-counsel/general-counsels-since-1935).

18.     Cowen's 40 days as Acting General Counsel expired on or about March 12, 2025. No nomination to fill the vacancy in the General Counsel position was submitted to the Senate until on or about March 25, 2025 when President Trump nominated Crystal Carey. As a result, Mr. Cowen's appointment under 29 U.S.C. § 153(d) expired on or about March 12, 2025.

19.     After the filing of this action, and as part of the meet and confer process over Coway 's contemplated Motion for Preliminary Injunction, Counsel for the NLRB represented to Plaintiff that Mr. Cowen was appointed by President Trump on February 1, 2025 "[p]ursuant to the Constitution and the laws of the United States, including but not limited to 5 U.S.C. 3345 *et. seq.*"

20.     5 U.S.C. § 3345 is part of a statute commonly known as the Federal Vacancies Reform Act ("FVRA"). 5 U.S.C. § 3347 provides Section 3345 is the exclusive method of appointing Acting Officers:

> unless –
> (1) a statutory provision expressly-
>     (A) authorizes the President, a court, or the head of an Executive department, to designate an officer or employee to perform the functions and duties of a specified office temporarily in an acting capacity; or
>     (B) designates an officer or employee to perform the functions and duties of a specified office temporarily in an acting capacity; or
> (2) the President makes an appointment to fill a vacancy in such office during the recess of the Senate pursuant to clause 3 of section 2 of article II of the United States Constitution.

5 U.S.C. § 3347(a).

21.     Pursuant to 5 U.S.C. § 3347, an Acting General Counsel cannot be appointed pursuant to 5 U.S.C. § 3345 and must be appointed exclusively pursuant to 29 U.S.C. §153(d).

22. However, even if the President were permitted to appoint an Acting General Counsel pursuant to 5 U.S.C. § 3345, the appointment of Mr. Cowen was not effective at the times relevant here as the requirements of the VFRA were not followed.

23. 5 U.S.C. § 3349(a) requires that any appointment pursuant to 5 U.S.C. § 3345 be reported to the Comptroller General of the United States and to each house of Congress. 5 U.S.C. § 3349(a). Mr. Cowan's appointment was not timely so reported prior to the time of the issuance of the Complaint referenced in paragraphs 22-27 above.

24. Indeed, counsel for the NLRB confirmed to counsel for Coway that the appointment of Mr. Cowen prior to September 4, 2025.  In fact, it was only after Coway's counsel requested confirmation that Mr. Cowen's appointment as Acting General Counsel had been reported to the Comptroller General as required by 5 U.S.C. § 3349(a), Mr. Cowen's appointment was belatedly reported. As a result, Mr. Cowen's appointment was not effective under 5 U.S.C. § 3345 at the time the Complaint issued.

25. The General Counsel of the NLRB has discretion to issue complaints, withdraw complaints, and/or prosecute violations of the NLRA as he so chooses.

26. Where a different NLRB General Counsel may have determined a different outcome, i.e. not issuing a complaint whatsoever, the Acting NLRB General Counsel's actions in issuing the complaint are "non-harmless," and the underlying administrative complaint must be dismissed. *NLRB v. SW General, Inc.*, 796 F.3d 67, 80 (D.D.C. 2015), *aff'd* 580 U.S. 288 (2017).

27. On July 29, 2025, the NLRB's Region 31 issued the underlying administrative complaint against Coway.

28. It is not certain whether a legitimately serving Acting General Counsel, or General Counsel, would have issued the underlying administrative complaint.

29. This "uncertainty is sufficient to conclude" that Acting NLRB General Counsel Cowen's temporary appointment is a "non-harmless" violation of law. *SW General*, 796 F.3d at 80-81.

30. Being subject to illegitimate proceedings led by an illegitimate decisionmaker is a "'here-and-now injury'" ripe for judicial intervention. *See Axon Enter., Inc.* 598 U.S. at 191 (quoting *Seila Law LLC v. Consumer Fin. Protection Bureau*, 591 U.S. 197, 212 (2020)).

31. Without interim injunctive relief, Coway will be required to undergo an illegitimate proceeding in violation of its due process rights.

32. Coway bears a strong likelihood of success on the merits for the reasons articulated above.

33. If the NLRB is not enjoined from proceeding against Coway in the related administrative hearing, Coway will be irreparably harmed because it will have endured a proceeding authorized by an individual who enjoys no such authorization.

34. The balance of equities tips in Coway's favor because, should the NLRB proceeding go forward, Coway will lose its right to undergo a legitimate proceeding as it will have endured a proceeding authorized by an illegitimate decisionmaker.

35. It is in the public interest to remedy the violation here in order to protect Americans' rights under the NLRA.

36. Due to the ongoing FVRA violation, Coway continues to be harmed by the NLRB and the underlying administrative complaint must be dismissed.

## COUNT II – THE NLRB'S ADMINISTRATIVE LAW JUDGES ARE NOT LAWFULLY APPOINTED

37. Coway restates and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

38. Article II of the Constitution gives the President the authority to appoint officers and inferior officers of the United States. *See* U.S. Const. Art. II, § 2.

39. ALJs function as inferior officers of an executive agency. *See* U.S. Const. Art. II, § 2; *see also Lucia v. SEC*, 585 U.S. 237, 251 (2018); *Fleming v. United States Dep't of Agriculture*, 987 F.3d 1093, 1103 (D.C. Cir 2021); *Westrock Servs., Inc.*, 366 NLRB No. 157, slip op. at 1 (Aug. 6, 2018) ("Board judges, like SEC judges, are inferior officers[.]"); *VHS Acquisition Subsidiary No. 7 v. NLRB*, 759 F. Supp. 3d 88, 99 (D.D.C. 2024) ("Because the ALJs are inferior officers, *Free Enterprise Fund* instructs that they cannot be insulated by more than one level of job protection, full stop.").

40. In *VHS Acquisition Subsidiary No. 7 v. NLRB*, 759 F. Supp. at 92, the United States District Court for the District of Columbia held "the NLRB's ALJs are unconstitutionally insulated from removal." The Court also held, "the NLRB ALJs' removal protections offend the Constitution." *Id.* at 101.

41. The Court also held that the subsection "only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board" shall be severed from the 5 U.S.C. 7521(a) in order to effectively remove one layer of removal protections. *Id.* at 100-101.

42. The Court determined that severing this provision "'leaves the [ALJs] removable by the [NLRB] at will, and leaves the President separated from [ALJs] by only a single level' of tenure." *Id.* at 101.

43. The final and appealable Order in *VHS Acquisition Subsidiary No. 7* is *res judicata* preventing Defendants from relitigating this issue.

44. Because the ALJ set to be assigned to the underlying administrative hearing was assigned under an unconstitutional provision, the ALJ's appointments were unlawful. The ALJ cannot properly oversee the underlying administrative case.

45. The NLRB's ALJs are not lawfully appointed because Congress improperly restricted the power of the President to remove subordinate officers of the Executive Branch.

46. With respect to the Board Members themselves, on August 19, 2025, the Fifth Circuit found that three employers made the necessary showing of irreparable harm if forced to continue with administrative proceedings under the NLRB's unconstitutional structure, "specifically, the dual for-cause removal protections shielding both Board Member and ALJs." *Space Exploration Tech. Corp. v. NLRB*, Case No. 24-50627, Docket No. 269-1 at *5 (5th Cir. Aug. 19, 2025).

47. The Fifth Circuit's determination is consistent with opinion of the Supreme Court earlier this year in *Trump v. Wilcox,* 605 U. S. ____ (May 22, 2025). In *Wilcox,* the Supreme Court granted administrative stay to an order reinstating a NLRB Member (along with a member of the Merit System Protection Board, holding, "[b]ecause the Constitution vests the executive power in the President, see Art. II, §1, cl. 1, he may remove without cause executive officers who exercise that power on his behalf, subject to narrow exceptions recognized by our precedents, see *Seila Law LLC* v. *Consumer Financial Protection Bureau*, 591 U. S. 197, 215−218 (2020). The stay reflects our judgment that the Government is likely to show that both the NLRB and MSPB exercise considerable executive power."

48. Being subject to illegitimate proceedings led by an illegitimate decisionmaker is a "'here-and-now injury'" ripe for judicial intervention. *See Axon Enter., Inc.*, 598 U.S. at 191 (quoting *Seila Law LLC*, 591 U.S. at 212).

49. Coway is "entitled to declaratory relief sufficient to ensure that the [administrative] standards to which [Coway is] subject will be enforced only by a constitutional agency accountable to the Executive." *Free Enter. Fund v. Public Co. Accounting Oversight Bd.*, 561 U.S. 477, 492 561 U.S. at 513.

50. Without interim relief, Coway will be required to undergo an unconstitutional proceeding before an illegitimate decisionmaker.

51. Coway bears a strong likelihood of success on the merits for the reasons articulated above. *Space Exploration Tech. Corp.*, Case No. 24-50627 at *5.

52. If the NLRB is not enjoined from proceeding against Coway in the underlying administrative proceeding, Coway will be irreparably harmed because it will have endured a proceeding led by an inferior officer who is not lawfully appointed.

53. The balance of equities tip in Coway's favor because should the NLRB proceeding go forward, Coway will lose its right not to undergo an unconstitutional proceeding, an "injury…impossible to remedy once the proceeding is over," and "judicial review of [its] structural constitutional claims would thus come too late to be meaningful." *Axon Enter.*, 598 U.S. at 191.

54. It is in the public interest to remedy the unconstitutional appointment here in order to protect Americans' constitutional rights.

## COUNT III – THE NLRB'S ENFORCEMENT SCHEME LACKS DUE PROCESS BECAUSE THE PROSECUTOR AND ADJUDICATORS ARE EACH FREELY REMOVABLE BY THE PRESIDENT

55. Coway restates and incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

56. The Fifth Amendment of the Constitution provides that "no person" shall be deprived of "life, liberty, or property, without due process of law." U.S. Const. Amend. V.

57. In *VHS Acquisition Subsidiary No. 7*, 759 F. Supp. at 92, this Court held "the NLRB's ALJs are unconstitutionally insulated from removal." This Court also held, "the NLRB ALJs' removal protections offend the Constitution." *Id.* at 101.

58. This Court also held that the subsection "only for good cause established and determined by the Merit Systems Protection Board on the record after opportunity for hearing before the Board" shall be severed from the 5 U.S.C. 7521(a) in order to effectively remove one layer of removal protections. *Id.* at 100-101.

59. This Court determined that severing this provision "'leaves the [ALJs] removable by the [NLRB] at will, and leaves the President separated from [ALJs] by only a single level' of tenure." *Id.* at 101.

60. The NLRB General Counsel is also freely removable at the will of the President. *See Reith-Riley Construction Co., Inc. v. NLRB*, 114 F.4th 519, 531 (6th Cir. 2024); *NLRB v. Aakash, Inc.*, 58 F.4th 1099, 1107 (9th Cir. 2023); *Exela Enterprise Solutions, Inc., v. NLRB*, 32 F.4th 436, 445 (5th Cir. 2022).

61. The NLRB General Counsel has broad prosecutorial discretion enjoying the ability to, for example, withdraw a complaint at any time or decide not to prosecute certain allegations. *See Reith-Riley Construction Co., Inc.*, 114 F.4th at 535-36.

62. Defendants cannot contest the right of the President to terminate the NLRB General Counsel as the vacancy that Mr. Cowen was appointed to fill arose only because President Trump fired the Senate confirmed NLRB General Counsel immediately prior to Mr. Cowen's appointment as Acting General Counsel. President Biden exercised the same authority in firing a prior NLRB General Counsel leading to the litigation in *Reith-Riley, Aakash,* and *Exela.*

63. The NLRB General Counsel presents his case before an ALJ for determination which is appealable to the Members of the NLRB. Under NLRB's 75-year-old "established policy" is it does "not overrule [an administrative law judge]'s resolutions as to credibility except where the clear preponderance of *all* the relevant evidence convinces us [the] resolution was incorrect." *Standard Drywall Products*, 91 NLRB 544, 545 (1950), enfd. 188 F.2d 362 (3d Cir. 1951).

64. The ALJ serves at the pleasure of the President and the General Counsel serves at the pleasure of the President. *VHS Acquisition Subsidiary No. 7*, 759 F. Supp. at 92; *Reith-Riley Construction Co., Inc.*, 114 F.4th at 535-36.

65. Similarly, Board Members are subject to removal by the President other than for cause and, thus, the ultimate deciders of law and fact also serve at the pleasure of the President. *See, Trump v. Wilcox,* 605 U. S. ____ (May 22, 2025) ("Because the Constitution vests the executive power in the President, see Art. II, §1, cl. 1, he may remove without cause executive officers who exercise that power on his behalf, subject to narrow exceptions recognized by our precedents, see *Seila Law LLC* v. *Consumer Financial Protection Bureau*, 591 U. S. 197, 215−218 (2020). The stay reflects our judgment that the Government is likely to show that both the NLRB and MSPB exercise considerable executive power.").

66. As a result of the fact that both the prosecutor in this case, an Acting General Counsel (and/or a Senate-confirmed General Counsel), and the decider(s) of fact and law, the ALJ and/or Members of the NLRB, both serve at the pleasure of the President, both are incentivized to do the President's bidding and it follows that all serve the same interests.

67. This scheme leaves the only party who does not answer to the President to be the General Counsel's opponent—in this case: Coway.

68. Coway will not receive a fair trial if both the prosecutor and the deciders of law and fact answer to the same entity.

69. Because both the ALJ who oversees the case and the General Counsel who prosecutes the case are removable at-will by the President, the Region's enforcement scheme gives rise to a clear appearance of bias and lacks due process for Coway.

70. Being subject to illegitimate proceedings led by an illegitimate decisionmaker is a "'here-and-now injury'" ripe for judicial intervention. *See Axon Enter., Inc.*, 598 U.S. at 191 (quoting *Seila Law LLC*, 591 U.S. at 212).

71. "Submission to a fatally biased decisionmaking process is in itself a constitutional injury sufficient to warrant injunctive relief, where irreparable injury will follow in the due course of events, even though the party charged is to be deprived of nothing until the completion of the proceedings." *United Church of the Medical Center v. Medical Center Commission*, 689 F.2d 693, 701 (7th Cir. 1982).

72. Coway awaits an illegitimate proceeding and, if it loses, will be forced to compensate the Charging Parties for an unknown amount.

73. Coway is entitled to declaratory relief to ensure that it has the opportunity to present its case to an ALJ and defend itself in a case brought by a prosecutor who do not answer to the same entity.

74. Without interim relief, Coway will be required to undergo an unconstitutional proceeding lacking due process.

75. Coway bears a strong likelihood of success on the merits for the reasons articulated above.

76. If the NLRB is not enjoined from proceeding against Coway in the underlying administrative proceeding, Coway will be irreparably harmed because it will have endured a proceeding lacking due process.

77. The balance of equities tip in Coway's favor because should the NLRB proceeding go forward, Coway will lose its right not to undergo an unconstitutional proceeding, an "injury…impossible to remedy once the proceeding is over," and "judicial review of [its] structural constitutional claims would thus come too late to be meaningful." *Axon Enter.*, 598 U.S. at 191.

78. It is in the public interest to remedy the lack of due process here in order to protect Americans' constitutional rights.

## **REQUEST FOR RELIEF**

WHEREFORE, Coway respectfully requests that the Court order the following relief and enter judgement:

1. Declaring that:

    a. ALJ appointments prior to the finding of unconstitutionality of 5 U.S.C. § 7521(a) are unconstitutional;

    b. NLRB General Counsel Cowen's appointment violated and continues to violate the National Labor Relations Act, and he is without authority to issue the Complaint;

    c. Because the ALJ, NLRB Members and General Counsel are both now freely removable by the will of the same entity—the President—the NLRB's enforcement scheme deprives Coway of due process.

2. Dismissing the Complaint issued by the NLRB;

3. Enjoining Defendants from subjecting Coway to an unconstitutionally structured administrative proceeding pending the final resolution of this action;

4. Enjoining Defendants from implementing or carrying out unconstitutional appointments identified above;

5. Awarding Coway its costs and expenses incurred in bringing this action, including but not limited to, reasonable attorney's fees; and

6. Awarding such other and further relief, whether at law or in equity, as the Court deems just and proper.

Date: November 3, 2025

Respectfully submitted,

/s/Scott J. Witlin
Scott J. Witlin (California Bar #137413)
Barnes & Thornburg LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
Email: scott.witlin@btlaw.com
Phone: 310.284.3777
Facsimile: 310.284.3894

/s/ Roscoe C. Howard Jr.
Roscoe C. Howard, Jr. (D.C. Bar 246470)
Barnes & Thornburg LLP
555 12th Street, N.W., Suite 1200
Washington, D.C. 20004
Email: roscoe.howard@btlaw.com
Phone: 202.371.6378
Facsimile: 202.289.1330

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was filed electronically with the Clerk of the Court upon all registered parties of record by filing in the Court's electronic case filing (ECF) system or by United States Postal Service First Class or Certified mail as required to all parties, on this 3rd day of November, 2025.

/s/Scott J. Witlin
Scott J. Witlin (California Bar #137413)
Barnes & Thornburg LLP
2029 Century Park East, Suite 300
Los Angeles, CA 90067-2904
Email: scott.witlin@btlaw.com
Phone: 310.284.3777
Facsimile: 310.284.3894