UNITED STATES DISTRICT COURT

DISTRICT OF COLUMBIA

| | |
|---|---|
| Coway USA, Inc., | |
| Plaintiff, | |
| v. | Case No.: 1:25-cv-3853 (TJK) |
| The National Labor Relations Board, *et al.*, | |
| Defendants. | |

## CALIFORNIA RESTAURANT AND RETAIL WORKERS UNION'S MOTION FOR LEAVE TO INTERVENE

The California Restaurant and Retail Workers Union ("CRRWU") respectfully moves this Court for leave to intervene in the above-captioned matter as of right or, in the alternative, permissively. CRRWU is the charging party in the unfair labor practice proceeding of Defendant National Labor Relations Board ("NLRB") that Plaintiff Coway USA, Inc. ("Coway") purported to seek to enjoin. CRRWU has significant legal interests that it seeks to protect through intervention and it prays that the Court grant its motion.

CRRWU brings this motion after conferring with counsel for the NLRB per LCvR 7(m). The NLRB does not oppose the motion. Beginning on November 19, 2025, CRRWU has repeatedly attempted to confer with counsel for Coway, but has been unsuccessful in obtaining either Coway's position on this motion or a time to meet about the motion. Because timeliness is a factor in evaluating this motion, CRRWU could wait no longer to file this motion.

## I.    **BACKGROUND**

CRRWU is a labor union based in Los Angeles, California that represents and seeks to represent—as its name implies—restaurant and retail workers. CRRWU has sought to represent the employees at Coway. CRRWU has filed unfair labor practice charges with the NLRB alleging that Coway violated the National Labor Relations Act, alleging that Coway engaged in conduct intended to interfere with the employees' free exercise of their rights to organize under the National Labor Relations Act. *See* Compl. ¶¶ 6, 11.

After a lengthy investigation, Region 31 of the NLRB issued a complaint against Coway on July 29, 2025 based on CRRWU's charges. Compl. ¶ 12. The case was originally set for an evidentiary hearing before an administrative law judge of the NLRB to begin on December 9, 2025. Compl. ¶ 14.

Coway now seeks to enjoin further administrative proceedings, which represent the sole method by which CRRWU and the Coway employees in question can vindicate their NLRA rights to be free of coercion and interference with their union and other protected concerted activities. Delay in the NLRB's adjudication of the charges—and the consolidated and substantially similar objections to the election—filed by CRRWU will lead to a denial of justice and allow Coway to benefit from its own wrongdoing.

## II.    **ARGUMENT**

### A.    **CRRWU Has a Right to Intervene Because It Has a Significant Interest in the Case That Is Not Adequately Represented by the Parties**

Rule 24(a)(2) sets out four requirements for intervention as of right:

> (1) the motion for intervention must be timely; (2) intervenors must have an interest in the subject of the action; (3) their interest must be impaired or impeded as a practical matter absent intervention; and (4) the would-be intervenor's interest must not be adequately represented by any other party.

*Harrington v. Sessions (In re Brewer)*, 863 F.3d 861, 872 (D.C. Cir. 2017). In similar constitutional challenges to the NLRB's authority, courts have routinely permitted intervention as of right by unions who had a stake in the underlying proceedings. *See, e.g.*, *Sacramento Behavioral Healthcare Hosp. v. NLRB*, No. 2:25-cv-02475, Dkt. 22 (E.D. Cal. Sept. 23, 2025); *Dutra Grp. v. NLRB*, No. 1:25-cv-90, Dkt. 48 (E.D. Tex. Aug. 27, 2025); *Red Rocks Resorts v. NLRB*, No. 2:24-cv-1966, Dkt. 39 (D. Nev. Apr. 1, 2025); *Waffle House v. NLRB*, No. 3:24-cv-6751, Dkt. 50 (D.S.C. Feb. 10, 2025); *Ascension Seton v. NLRB*, No. 1:24-cv-1176, Dkt. 41 (W.D. Tex. Nov. 12, 2024); *Loren Cook Co. v. NLRB*, No. 6:24-cv-3277, Dkt. 14 (W.D. Mo. Oct. 28, 2024); *Aguila Food Distrib. LLC v. NLRB*, No. 7:24-cv-395, Dkt. 19 (S.D. Tex. Oct. 2, 2024).

### 1.    The Motion Is Timely

There is little argument that this motion is not timely. Coway filed this case on November 3, 2025. The NLRB's responsive pleading is not yet due and the case remains in very early stages. CRRWU will abide by all briefing schedules currently in place or that are agreed upon before CRRWU is granted intervenor status. *See Hannam Chain USA Inc. v. NLRB*, No. 25-2896 (TJK), Dkt. 18 (D.D.C. Sept. 19, 2025) (finding motion to intervene timely when filed before about a month after complaint was filed). Indeed, the only reason CRRWU has not filed sooner is because Coway has failed for over a

month to provide CRRWU with either its position on this motion or with a time to meet and confer.

### 2.    CRRWU Has a Legally Cognizable Interest in the Outcome of the Case That Will Be Impaired if Intervention Is Denied

CRRWU has an "interest relating to the property or transaction which is the subject of the action." Fed. R. Civ. P. 24(a)(2).[1] There is little doubt that CRRWU fulfills this requirement. *See Hannam Chain*, Dkt. 18 at 2-3 (finding CRRWU had a "clear interest" in defending the constitutionality of NLRB proceeding because such proceeding was the only way to obtain relief).

Long-established Supreme Court precedent reflects that charging parties in NLRB proceedings have a direct interest independent from the interest of the NLRB. In *Auto Workers Local 283 v. Scofield*, 382 U.S. 205 (1965), the Supreme Court explained that the interest of a charging party differs from that of the NLRB such that intervention is warranted when the federal courts review NLRB orders. The Court rejected the argument that the charging party was just "another member of the public whose interests the Board is designed to serve." *Scofield*, 382 U.S. at 218. Instead, the Court explained that the NLRB's duty to enforce "public rights" did not "exclude[] recognition of parochial private interests." *Id*. Because the public and private rights are "interblend[ed] in the

---

[1] While the D.C. Circuit sometimes understands Rule 24 to require the proposed intervenor have constitutional standing, "a party seeking to intervene as a defendant, and without asserting any counter- or cross-claim—like CRRWU here—is not invoking the Court's jurisdiction or seeking relief that is broader than or different from the party invoking the Court's jurisdiction and thus is not required to show Article III standing." *Hannam Chain*, Dkt. 18 at 3 n.1 (cleaned up).

intricate statutory scheme" of the NLRA, "the charging party may have vital private rights in the Board proceeding[.]" *Id.* at 220 (internal quotations omitted). Had this case resulted in an NLRB order against Coway, and had Coway sought review of that order in a court of appeals, CRRWU would have been allowed to intervene in that proceeding on review as a matter of law. That this case is instead in this Court on a challenge to the NLRB's authority to act prior to issuing any order does not negate or diminish CRRWU's interest in the outcome.

The third prong of the intervention inquiry requires little further explanation. The injunctions Coway seeks in its Complaint would leave CRRWU and the employees it seeks to represent with rights but no remedy and no forum in which to vindicate those rights. The NLRB has exclusive jurisdiction over unfair labor practice charges and the NLRA provides for no private right of action. Accordingly, CRRWU's sole recourse to demonstrate that Coway's coercion of and interference with its employees' rights were unlawful is in the NLRB's procedures. Depriving CRRWU of the opportunity to participate in this case as intervenor would leave CRRWU voiceless in a case in which its rights are ultimately at stake.

### 3.    CRRWU May Not Be Adequately Represented by the NLRB

While the moving party has the initial burden of showing inadequate representation, that burden is "not onerous." *Dimond v. District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986). "In this circuit an applicant to intervene need only show that the representation of his interest may be inadequate; the burden of proof rests on those resisting intervention." *SEC v. Dresser Indus.*, 628 F.2d 1368, 1390 (D.C. Cir. 1980).

"[I]t is well-established that governmental entities generally cannot represent the 'more narrow and parochial financial interest' of a private party." *Wildearth Guardians v. Salazar*, 272 F.R.D. 4, 15 (D.D.C. 2010) (quoting *Fund for Animals*, 322 F.3d at 737). That general observation certainly applies here.

CRRWU, as a labor union that relies on the NLRB to enforce its NLRA rights, has an interest in defending the constitutionality of the NLRB's structure. The NLRB, consistent with the position of the Solicitor General, will no longer argue that the statutory restrictions on removing NLRB members and administrative law judges are constitutional. *See Loren Cook Co. v. NLRB*, No. 6:24-cv-3277, Dkt. 60 (W.D. Mo. Feb. 21, 2025) (explaining that the NLRB is "no longer relying on the arguments . . . that the statutory restrictions on removing NLRB Board members and administrative law judges are constitutional"). CRRWU, by contrast, supports the existence of an NLRB whose members and judges are protected from removal absent neglect of duty or malfeasance, as Congress intended and as has existed for decades.

A union's experience last year in another District Court is instructive. In *YAPP USA Automotive Systems v. NLRB*, 748 F.Supp.3d. 497, (E.D. Mich. 2024) ("*YAPP*"), a district court initially denied a motion for a preliminary injunction that would restrain NLRB proceedings, finding that the plaintiff was unlikely to succeed on the merits. However, the district court also granted the plaintiff an injunction pending appeal, stating that it did "not discern any significant harm to the Defendants from further delaying the [hearing date] pending a decision on [the] appeal." *YAPP*, No. 2:24-cv-12173, Dkt. 34 (E.D. Mich. Sept. 9, 2024). In reaching this conclusion, the district court considered only

the harm to the NLRB and its employees, but omitted any consideration of harms that would be suffered by the charging party union involved in the underlying proceeding or the employees it sought to represent. Following emergency briefing of a motion for reconsideration, in which the union participated as an amicus party, the district court reversed course and vacated the injunction pending appeal, noting that it was persuaded by the harm that the injunction would cause to union and the workers at issue. *YAPP*, No. 2:24-cv-12173, Dkt. 37 (E.D. Mich. Sept. 13, 2024). Shortly thereafter, the Sixth Circuit granted the charging party union intervenor status on appeal. *YAPP USA Automotive Systems v. NLRB*, No. 24-1754, Doc. 33 (6th Cir. Nov. 21, 2024). This experience in an analogous case indicates that the NLRB's interests are likely to diverge from those of CRRWU.

\* \* \*

For all the foregoing reasons, CRRWU respectfully requests that its motion for leave to intervene be granted as of right.

### B.    Even if CRRWU Does Not Have a Right to Intervene, the Court Should Exercise Discretion to Grant Permissive Intervention

Rule 24(b) also grants the Court broad discretion to allow intervention when the proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact," Fed. R. Civ. P. 24(b)(1)(B), if the motion is "timely," Fed. R. Civ. P. 24(b)(1). "In exercising its discretion, the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

In an essentially identical proceeding, this Court granted CRRWU's motion to intervene under Rule 24(b). There, this Court held that the motion was timely; that CRRWU has "a claim or defense sharing a common question of law or fact with the main action" because CRRWU seeks to "defend the constitutionality of the NLRB's administrative proceeding, a key subject of the dispute between plaintiff and defendant"; and that there was likely no prejudice to the other parties because CRRWU agreed to abide by all established briefing schedules. *Hannam Chain*, Dkt. 18 at 2-3 (cleaned up).

This motion is identical to the one granted in *Hannam Chain*. As stated above, the motion is timely. CRRWU's defenses have common questions of law and fact for the reasons described above. There is no prospect for delay or prejudice. And CRRWU's participation will be helpful to the Court because CRRWU will present arguments the NLRB is not permitted to present, as described above. Therefore, to the extent CRRWU lacks a right to intervene, CRRWU nevertheless respectfully requests that the Court grant permissive intervention.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

8

## III.    CONCLUSION

For the foregoing reasons, CRRWU respectfully requests that the Court grant the

motion to intervene.

Dated: December 29, 2025

*/s/ Jason Wojciechowski*

Jason Wojciechowski
jasonw@bushgottlieb.com
BUSH GOTTLIEB
A Law Corporation
801 North Brand Boulevard, Suite 950
Glendale, California 91203-1260
(818) 973-3200

Maneesh Sharma
AFL-CIO
815 16th St. NW
Washington, D.C. 20006
(202) 637-5336
Msharma@aflcio.org

*Attorneys for Proposed Intervenor*
    *California Restaurant and Retail*
    *Workers Union*